**In the Interest Of E.Z., Dependent Adult,**

**State of Iowa, Appellant.**

**No. 97–2318.**

Supreme Court of Iowa.

Oct. 21, 1998.

Thomas J. Miller, Attorney General, Chris Odell, Assistant Attorney General, and Timothy Dille, Assistant County Attorney, for appellant State.

Benny B. Waggoner, Fairfield, for appellee grandson of E.Z.

Robert Rutt, Fairfield, guardian ad litem for E.Z.

Considered by HARRIS, P.J., and LARSON, LAVORATO, NEUMAN, and ANDREASEN,* JJ.

HARRIS, Justice.

In 1996 the General Assembly adopted a scheme to provide adults who are subject to abuse with protective services by the Iowa department of human services. *See* 1996 Iowa Acts ch. 1130, §§ 7, 8, 9. These provisions are codified in Iowa Code chapter 235B (1997) (Adult Abuse). Section 235B.17 provides for petitions for such services with the adult's consent. Section 235B.18, the provision at issue here, provides a method for petitions for the services when the dependent adult lacks capacity to consent. Section 235B.19 allows emergency protective orders for the services for those whose health or safety is in immediate danger. In the present case the department challenges the district court's disposition of a proceeding involving the care of an elderly woman by her grandson. We find that disposition appropriate and affirm.

The facts are largely undisputed. E.Z. is ninety-six years old and resides with her grandson Mark who is her caretaker. The two subsist on E.Z.'s social security income.

* Senior judge assigned by order pursuant to Iowa Code section 602.9206 (1997).

E.Z. suffers from a combination of physical and mental conditions that easily qualify her as a "dependent adult," under Iowa Code section 235B.2(4).[1] She has arthritis, organic brain syndrome, gall bladder disease and frequent nausea and headaches. She also suffers seriously from hives which require medication and which could cause a life-threatening respiratory crisis. She is unable to feed herself and needs assistance with all activities for daily living.

In April 1997 E.Z. was found at home, unattended, by a visiting nurse. She was helpless and in serious need of care. A founded dependent adult abuse report was filed. A second founded report was filed in October of that year when E.Z. was again left alone and found in desperate need of attention. The State obtained an emergency order for E.Z.'s removal, and she was taken to a hospital and later to a nursing home. The State thereafter filed this petition for an order authorizing protective services pursuant to Iowa Code section 235B.18. A guardian ad litem was appointed for E.Z.

Following a hearing the district court determined E.Z. was a dependent adult and that Mark was her caretaker. In other respects the challenged order was internally inconsistent. The order purported to find E.Z. was not a victim of dependent adult abuse and expressly declined to order protective services. For the reasons hereafter explained however, we think the court order in effect did both: it necessarily found dependent adult abuse and clearly ordered protective services by directing the department to provide for E.Z.'s protection and care. The court found the actions previously taken by the department were appropriate, given the fact that Mark had "on occasion failed to adequately supervise [E.Z.] at all times and places." The court nevertheless commended Mark for assuming the care of his grandmother and found that, "for the most part, [E.Z.] received good care while in [Mark's] home." The court ordered E.Z.'s return to Mark's care, subject to his arranging twenty-four-hour care for her. The State appeals.

■ I. "Dependent adult abuse" in Iowa Code section 235B.2(5) can occur in several alternative ways. For the purposes of this case it is:

> The deprivation of the minimum food, shelter, clothing, supervision, physical or mental health care, or other care necessary to maintain a dependent adult's life or health.

Iowa Code § 235B.2(5)(a)(1)(d). Under section 235B.18(1) the department can petition for authorization of protective services if the department "reasonably determines that a dependent adult is a victim of dependent adult abuse and lacks capacity to consent to the receipt of protective services." It is beyond dispute that the petition was appropriate here because E.Z.'s situation obviously qualified as dependent adult abuse and she clearly lacked the capacity to consent to receive the services.

■ But of course resolution of such a petition is left to the court, not the department that filed it. Under section 235B.18 the court may order the protective services only upon a showing which establishes two elements by clear and convincing evidence: need for the services and lack of capacity to consent. We think the considerations for resolving the petition are those explained for establishing guardianships in *In re Guardianship of Hedin*, 528 N.W.2d 567, 578–80 (Iowa 1995). Our review from a court order in this special proceeding is on error. *In re J.P.*, 574 N.W.2d 340, 342 (Iowa 1998).

■ Need and incapacity to consent seem unassailable on this record. The district court recognized this, finding the department's actions "appropriate," in that E.Z. "does constitute a danger to herself if unsupervised, based on her condition as a 'dependent adult.'" Although the court stated it did not find E.Z. a victim of dependent adult abuse, it equivocated, ordering:

> the services previously provided for [E.Z.] continue, including such services to be determined by the department of human ser-

---

1. *"Dependent adult"* means a person eighteen years of age or older who is unable to protect the person's own interests or unable to adequately perform or obtain services necessary to meet essential human needs, as a result of a physical or mental condition which requires assistance from another.... Iowa Code § 235B.2(4).

vices and a registered nurse [from a named facility]. This may include unannounced visits to [the grandson's] home. Notwithstanding the district court's statement otherwise, we find this to be an order for protective services.

■ "Protective services" is not defined in the chapter but we think the authority of the district court order in such a proceeding is broad. This is indicated by the wide authority granted in ordering emergency protective services in section 235B.19(3) which accords the district court various options upon a finding of dependent adult abuse.

■ II. Ordinarily the court would not intrude into the details of the protective services, but would leave those matters within the discretion of the department. We find nothing in the chapter however, prohibiting a review of the nature of those services, especially in the challenged selection of a dwelling place. This is a matter so fundamental to personal liberty as to fall outside the day-to-day determinations incident to the protective services.

We note in passing that the arrangement ordered by the court was only to preserve the one previously arranged by the department and the record strongly supports its fitness. In fact E.Z. encountered two incidents of inattention at the facility identical to those in Mark's home which had resulted in the two founded reports which precipitated the petition. We are satisfied, as was the trial court, that Mark now recognizes the importance of avoiding any lapses in the twenty-four-hour daily care required for E.Z. The trial court's order for unannounced visits will help ensure a satisfactory standard of care.

Although we have not agreed with all the trial court's conclusions, the challenged order was appropriate.

**AFFIRMED.**